IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| AND PETITION OF DEEP SEA FISHING, INC, | § | C.A. NO. _____ |
| AS OWNER OF THE M/V GULF EAGLE | § | |
| FOR EXONERATION FROM OR | § | ADMIRALTY |
| LIMITATION OF LIABILITY | § | |

## VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Petitioner, **Deep Sea Fishing, Inc.**, as owner and operator of the motorized vessel, *M/V GULF EAGLE*, and files this Verified Complaint and Petition for Exoneration From or Limitation of Liability, pursuant to, and in compliance with, 46 U.S.C. § 30501 *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and in support thereof, respectfully pleads and will prove the following:

## JURISDICTION

1.   This case is within the admiralty and maritime jurisdiction of this Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and 28 U.S.C. § 1333.

## VENUE

2.   Venue is proper in this district pursuant to Supplemental Admiralty Rule F(9) because Petitioner, the owner of *M/V GULF EAGLE*, has been sued in this district.

**FACTS**

3.Petitioner is a corporation organized and existing under the laws of Texas, with its principal place of business located at 440 West Cotter, Port Aransas, Texas 78373. It is authorized to conduct business within Texas.

4.At all relevant times, Petitioner was the owner and operator of the *M/V GULF EAGLE*, an excursion fishing vessel built in 1992 at Breaux Brothers Enterprises, Inc., Loreauville, Louisiana, with a length and breadth of 64.9 feet and 20.1 feet, respectively, and bearing hull identification number 982354.

5.Moreover, at all relevant times, Petitioner used due diligence to make and maintain the *M/V GULF EAGLE* in all respects seaworthy, and she was in fact, at all times material hereto, afloat in navigable waters engaged in the service for which she was built.

6.On or about February 24, 2016, Jonathan Chtay alleges that he was aboard the *M/V GULF EAGLE* as a member of its crew and that he injured his right shoulder as he was attempting to raise the anchor line.

7.As a result of the alleged incident on February 24, 2016, Chtay initiated Civil Action No. 20J6CCV-62247-3, on October 11, 2016, 2016, in County Court at Law No. 3 in Nueces County, Texas, against Petitioner.

8.Petitioner denies that Plaintiff's alleged injuries were in any way caused or contributed by any fault, neglect, want of due care, design or unseaworthiness on the part of the *M/V GULF EAGLE*, her owners, operators and/or the Master or any other agent of the Petitioner.

9.Petitioner denies that the incident and damages occurred within its privity or knowledge.

10. Notwithstanding, claims and demands have been made or will be made against Petitioner. To the best of Petitioner's knowledge, no warrant of arrest or any other writ of seizure has been levied against the *M/V GULF EAGLE* as a result of any claims or demands.

11. The amount of claims and demands exceed the value of the *M/V GULF EAGLE*, including any pending freight immediately after the incident.

12. As shown in the attached Affidavit of Value and Declaration of Pending Freight, the *M/V GULF EAGLE* had a value after the incident of $350,000 (Three Hundred Fifty Thousand Dollars), which includes pending freight, if any.

## CAUSES OF ACTION

13. Petitioner respectfully contests its liability and the liability of the *M/V GULF EAGLE* for the incident and damages described above. There are valid defenses in fact and in law to those claims. Therefore, Petitioner and the *M/V GULF EAGLE* are entitled to complete exoneration.

14. Further, Petitioner and the *M/V GULF EAGLE* claim the benefit of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of the Congress of the United States amendatory thereof and supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.

15. Petitioner will file an Ad Interim Stipulation for an amount equal to the value of the *M/V GULF EAGLE* and its interest in pending freight, if any, plus interest thereon at the rate set forth in Rule F. The Ad Interim Stipulation is to stand in the place of a stipulation for value if the amount thereof is not contested by any claimant.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Deep Sea Fishing, Inc. prays that:

A. The Court, upon the filing of the Ad Interim Stipulation, cause a Monition to be issued to all persons asserting claims in the respect to which said Petitioner seeks limitation, citing them to file their respective claims with the Clerk of this Court and serve them on or before the date to be named in said Monition or be forever barred and permanently enjoined from making any such claims.

B. The Court, upon filing of the Ad Interim Stipulation, issue an injunction restraining the filing, commencement, and further prosecution in any Court whatsoever of all suits, actions, and legal proceedings of any nature or kind whatsoever against the Petitioner and/or the *M/V GULF EAGLE* and/or their underwriters, and/or insurers, whether *in personam*, or *in rem*.

C. If any claimant who shall file its claim under oath, shall file an exception controverting the value of the *M/V GULF EAGLE* in her condition as alleged herein, or to the amount of the Ad Interim Stipulation, the Court shall cause due appraisal to be made of the value of the *M/V GULF EAGLE* and her freight earned during the voyage referred to in the Complaint, if any, and the value of Petitioner's interest therein; and in the event said appraised value exceeds the limitation fund or security filed with the Court that this Honorable Court enter an Order for the payment into the Court of the higher value of the Petitioner's interest therein, or for the giving of security in the same amount pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure for payment into the Court of the value of Petitioner's interest therein or for the posting of satisfactory security therefor.

D. The Court adjudge that Petitioner and the *M/V GULF EAGLE* not liable to any extent whatsoever for any losses, damages, or injuries, and for any claims arising in consequence of the matters, happenings and events stated in this Complaint, and exonerate Petitioner and the *M/V GULF EAGLE* from liability therefor.

E. In the alternative, if this Court should adjudge that the Petitioner is liable in any amount whatsoever, said liability be limited to the value or amount of interest of the Petitioner in the vessel; that the monies paid or ordered to be paid may be divided pro rata among other claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and that a decree be entered discharging Petitioner from all other liabilities.

F. That Petitioner have such other and further relief as justice may require, including the right to supplement and amend these pleadings in order to achieve justice.

Respectfully submitted,

THE BALE LAW FIRM, PLLC

*//s// Jeffrey R. Bale*
Jeffrey R. Bale
Attorney-In-Charge
State Bar No. 01629800
Fed. I.D. No. 3324
Danielle Carlson
State Bar No. 24050380
Fed. I.D. No. 876013
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Telephone:   (281) 295-6000
Facsimile:   (281) 295-6010
Email: jbale@balelawfirm.com
Email: dcarlson@balelawfirm.com
*Attorneys for Petitioner,*
*Deep Sea Fishing, Inc.*